*The probate of the paper propounded as the Will of* LUCIUS CHITTENDEN.

THE Surrogate will not instruct a special guardian appointed by him for a minor, in a probate proceeding, where the propounded will is adverse to the minor's interest, to discontinue opposition to the will. The Supreme Court, in such a case, where the minor was twenty years of age and her interest against the will was $250,000, instructed the special guardian to discontinue his opposition, at the minor's request, and the will went to probate.

MATILDA AMELIA CHITTENDEN, widow of the decedent, propounded for probate a paper purporting to be the last will and testament of Lucius Chittenden, deceased, in which she was nominated as the executrix, and as the testamentary guardian of Lucia Chittenden, the only next of kin and heir-at-law, a minor. The Surrogate appointed James C. Spencer, Esq., counselor-at-law, as special guardian for the infant. A contest of the propounded paper was commenced by a person claiming as legatee under a testamentary paper of earlier date (see *p.* 135, *ante*), but was subsequently withdrawn by this contestant in open Court. The special guardian then contested the probate on behalf of the infant heir and next of kin. The following is the paper so propounded:

I, Lucius Chittenden, now residing at Stamford, Connecticut, late merchant, do make, publish and declare this my last will and testament, in manner following:

1st. I direct all my just debts and funeral expenses to be paid immediately after my decease.

2d. I give and bequeath to my sister, Clarissa Benham, $1,500; to my sister Ann Platt, $1,500; to my sister, Alivia Platt, $6,000, and all evidences of debt or claim which I may have against her at the time of my decease; to my friend, Rev. J. Howard Smith, now living at Washington Heights, New York city, $3,000; to Richard L. Chittenden, $5,000, absolutely, and the further sum of $5,000 to be expended by him for benevolent purposes, wishing to leave its disbursement entirely to his discretion; and I further direct my executors, hereinafter named, to pay over to my sister, Amanda Benham, if she shall be living, and in want, such sum, not exceeding $1,000, as they shall deem proper.

3d. I give, devise and bequeath to my nephew, Richard L. Chittenden, the lot known as the Ridgway lot, on East Broad street, Columbus, Ohio.

4th. As to the amount of money which has come to my estate, paid over by Samuel T. Payson, from the estate of my late wife, Harriet S. Chittenden, in her own right, as heir to her father's estate, I direct and authorize my executors to take an equal amount from any fund which shall come into their hands, and to pay over one-half thereof to Sarah L. Payson, wife of Samuel F. Payson, and the other half thereof to Caroline Bancroft, wife of A. Bancroft, sister of my said wife.

5th. I direct my executors to purchase a lot in Greenwood Cemetery, Long Island, as a burial place for myself and family, and to remove thereto the bodies of any of my family buried elsewhere.

6th. My books, pictures, plate and jewelry, I wish to be retained by my executors for my daughters Lucia and Harriet S. Chittenden, and to be given to them at such time as they shall deem proper, giving them full discretion as to the distribution thereof.

7th. All the rest, residue and remainder of my estate,

both real and personal, and wheresoever situated the same may be, I give, devise and bequeath as follows: Two-eighth parts thereof to my wife, Amelia Chittenden, to be accepted by her in lieu of all claims for dower in my estate; three-eighth parts thereof to my daughter Lucia; and the remaining three-eighth parts to my daughter Harriet S. Chittenden; provided, however, that their respective portions shall not be paid over to my said daughters, until they shall arrive at the age of twenty-one years; and, for the better execution of the provisions of my will in this behalf, I give and devise the portions hereby bequeathed to my said daughters, to my executors, hereinafter named, to hold the same in trust for them, until they respectively arrive at the age of twenty-one years, with full power to manage and control the same as they may deem for the advantage of the property and for the interest of my said children; to receive the income, rents, issues and profits thereof; to make such investments as in their discretion they may deem desirable, and to expend such portion thereof as may be necessary for the support or education of my said children, during their minority.

8th. I further authorize and empower my said executors to sell and dispose of any portion of the real estate which I may die possessed, at public or private sale, at such times and upon such terms and in such manner as to them shall seem meet; and to make, execute and deliver proper and sufficient deeds of conveyance to the purchasers thereof.

9th. I do hereby nominate and appoint my wife, Amelia. Chittenden, guardian of children, Harriet S. and Lucia Chittenden, during their minority. And I further nominate and appoint my said wife, Amelia Chittenden, executrix, and my friend, Jeremiah N. Ayres, of Stamford, Connecticut, executor of this my last will and testament, and also trustees of the estates of my children. And I further direct that no bond shall be required of my said executrix and executor, acting as such, or as trustees under my will.

10th, and lastly. I do hereby revoke all former wills by me made, particularly referring to a certain will by me made in April, 1865, which I declare to be of no further force and effect.

In witness whereof, I have hereunto set my hand and seal, this fourteenth day of August, one thousand eight hundred and sixty-six.

LUCIUS CHITTENDEN. [L. S.].

The above instrument was, at the date thereof, signed, sealed, published and declared by the said Lucius Chittenden as and for his last will and testament, in presence of us, who, at his request, and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto. (In lines ten and twelve, of page one, the words "five hundred" inserted, before executing.)

CHAS. WILLIAMS, Stamford, Connecticut.
LEWIS R. HURLBUTT, Stamford, Connecticut.
THOMAS G. RITCH, Stamford, Connecticut.

## CODICIL.

I, Lucius Chittenden, of Stamford, Connecticut, having made my will, bearing date the fourteenth day of August, one thousand eight hundred and sixty-six, do now make this codicil, to be taken as a part of the same.

First. I hereby ratify and confirm the said will in every respect, except so far as the same is inconsistent with this codicil.

Second. My daughter, Harriet S. Chittenden, having deceased since the making of my will, I hereby give, devise and bequeath to my wife, M. Amelia Chittenden, and to my daughter, Lucia Chittenden, the portion of my estate by my said will given to the said Harriet S. Chittenden, to be divided equally between them.

Third. I hereby revoke the bequests in my said will made to Richard L. Chittenden for benevolent purposes, and give and bequeath the said sum of. $5,000 to my said wife, M. Amelia Chittenden, and my daughter, Lucia

Chittenden, to be expended by them, or by the survivor of them, for benevolent purposes.

In witness whereof, I have hereunto set my hand and seal, this eighth day of July, one thousand eight hundred and sixty-seven.

LUCIUS CHITTENDEN. [L. S.]

The above instrument was, at the date thereof, signed, sealed, published and declared by the said Lucius Chittenden as and for a codicil to his last will and testament, and we thereupon, at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto. (The word "five" erased, and "six" inserted, before execution.)

LEWIS R. HURLBUTT, Stamford, Connecticut.
GEORGE L. HUBBARD, Stamford, Connecticut.
THOS. G. RITCH, Stamford, Connecticut.

The taking of proofs commenced June 1, 1869, and five witnesses had been examined by the proponents and two by the contestants, when the infant, Lucia Chittenden (who was over twenty years of age), requested the counsel for her special guardian to withdraw from further contest of the will.

The special guardian and his counsel consulted the Surrogate as to their duty, under these circumstances. The Surrogate declined to give instruction to the special guardian, as the alleged will was against the ward's interest. It was for the special guardian, who was himself a professional man, aware of his duties and responsibilities as such, to take such course in the interest of his ward as he should see fit to take. The Surrogate would not advise the prosecution or withdrawal of the contest in the Court over which it was his duty to preside.

The special guardian then presented his petition to the Supreme Court, asking its counsel and direction, under its general jurisdiction and supervisory powers over the estates and persons of infants. The petition set forth the

death of the testator, leaving surviving his widow, Matilda Amelia, and his daughter by a former deceased wife, Lucia, his only child, about nineteen years of age; that the decedent left a large estate, amounting in value to nearly $1,000,000, principally real estate, in the city of New York. That probate had been applied for, citation issued, and the petitioner appointed special guardian. That the special guardian had entrusted the interests of his ward to Joseph R. Flanders, Esq., counselor-at-law, as counsel. That on the hearing of the proofs (the contestant who had claimed under an alleged former will having withdrawn his contest), the counsel for the special guardian had contested the probate of said will. That the special guardian, having consulted with his said counsel, is advised that the testimony elicited and to be elicited in this case is, in his opinion, sufficient to cause the said will to be rejected, and probate thereof denied; and that the same ought to be rejected and denied admission to probate, for the cause of undue and improper influence and restraint exercised over the decedent by said Matilda Amelia Chittenden and others. That the special guardian has determined that the pecuniary interests of his ward will best be served and advanced by the continuance of the opposition to the probate of the alleged will, for the following reasons: First. The rejection of the alleged will would make his said ward, Lucia Chittenden, sole heir-at-law to her father's real estate, subject to the dower right of Matilda Amelia Chittenden, the widow; that the real estate of the decedent is valued at $900,000, of which the heir would take the value of about $700,000, the widow's dower right being in value about $200,000; making a difference of about $250,000 in favor of Lucia Chittenden, his ward, in case of the rejection of the alleged will. Secondly. The rejection of the alleged will would relieve his ward, Lucia, from the executorship and trusteeship of the estate, and the guardianship of her person and property, which

in said alleged will are given to her step-mother, said Matilda Amelia Chittenden, and to Jeremiah N. Ayres, both of whom are exempted from giving security for the faithful performance of their trusts by the provisions of the said alleged will. That the special guardian has, however, had two interviews and consultations with his said ward, Lucia, and has received several letters from her, in which she earnestly requests and demands that her special guardian and counsel shall withdraw all further opposition to the paper propounded, and shall consent that it be admitted to probate at once; that he has informed his ward of her interest, and has urged upon her his views as to the danger of entrusting the care and management of her estate to any person or persons without security; that the answer of his ward, Lucia, is substantially that she believes the paper offered for probate to be her father's last will and testament, and wishes to abide by the same, and have the same established in all respects, without reference to what can be proven concerning the same, and regardless of all results favorable to her pecuniary interests that could be gained by opposing the same; that his ward is now twenty years of age, and will attain majority in April, 1869; that she is a young lady of intelligence, culture and refinement, and petitioner believes her to be truly good and conscientious, and intending to do and act in all things upon the basis of integrity and high-moral principle; that her reverence for the memory of her father is a strong and guiding element in her mind, and she would avoid any trial or examination which would involve questions relating to or in any manner impeaching the strength or soundness of her father's mind and physical condition during the latter years of his life; that his ward understands perfectly, and causes the petitioner to understand perfectly, her wishes and determination in the premises, and the petitioner is much moved thereby, and is anxious to seek the true interests of his ward in the premises; that he has no doubt of the action he should

take in order to protect the pecuniary interests of his ward, namely, to continue the opposition to the probate of said will, and that he considers his duty as special guardian ends here; yet, the petitioner also believes that the feelings, wishes and convictions of a young lady of the age and intelligence of his ward should have much weight and consideration; and, deeming that the Supreme Court has the power to counsel and direct the action of the special guardian in the premises, he prays it to take the matter into consideration, and direct him in the premises as may seem to be in accordance with the general interests and welfare of his ward.

The petition being presented to Mr. Justice Cardozo, at Special Term, he appointed Ethan Allen, Esq., as guardian *ad litem* in that Court and proceeding, and referred the matters arising on the petition to George Shea, Esq., as referee.

Lucia Chittenden appeared before such referee, and made oath that she desired the contest in the Surrogate's Court upon the probate of the said alleged will, to cease at once, and that it be admitted to probate.

The Referee reported in conformity with her wishes, and, at Special Term, on the 10th of August, 1869, Mr. Justice Cardozo presiding, an order was entered accordingly, reciting the facts and circumstances, and adjudging that the said James C. Spencer, as special guardian, be and he was thereby advised, authorized, directed and required to withdraw and cease from all further opposition to the probate of the said will and its codicil, now pending before the Surrogate of the county of New York.

The special guardian appeared before the Surrogate on the 11th day of August, placed on file a copy of the above petition, report and order, and, in obedience thereto, withdrew from further contest of the paper propounded.

The Surrogate, upon the proofs before him, thereupon made and entered a decree of probate.